Alvin H. Phillips and Mary C. Phillips, (Husband and wife) v. Commissioner.
Phillips v. Commissioner
Docket No. 109395.
United States Tax Court
1943 Tax Ct. Memo LEXIS 329; 2 T.C.M. (CCH) 3; T.C.M. (RIA) 43209; May 1, 1943
*329 Held, the personal account of petitioner with a corporation of which he owned all the stock was a creditor-debtor relationship and the difference between credits and debits to such account for the taxable year did not constitute dividends or income to petitione. Joseph B. Ely, Esq., and Edward T. Collins, Esq., for the petitioners. Charles P. Reilly, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency of $5,803.54 in income tax for the year 1939, of which $5,550.53 is stated to be in controversy. [The Facts] The petitioners filed a joint return as husband and wife but since the issue in the case involves only Alvin H. Phillips, in this report he will be referred to as the petitioner. Alvin H. Phillips, Inc., is a corporation organized in 1917 and since that time has been engaged in the chain store grocery business, operating from 75 to 100 stores in western Massachusetts and northern Connecticut. Its sales for 1939 ran over $1,250,000. Petitioner, Alvin H. Phillips, has at all times been the owner of all the stock of the corporation excepting two qualifying shares held by members of his family. He has also *330 at all times been president and treasurer of the corporation and controls its policies. The corporation has never paid any dividends excepting possibly in 1917 or 1918. The corporation, however, has been generally prosperous and at the end of 1939 had a surplus of $460,293.31. It reported a loss of $10,099.89 for 1939. There has been maintained on the books of the corporation, from its beginning, an account known as "Alvin H. Phillips Personal Account" in which many personal business affairs of petitioner are recorded. Many of the entries in this account represent transactions between petitioner and the corporation or between petitioner and third parties, which tranactions are handled for Phillips by the corporation. Monthly statements are rendered by the corporation to petitioner showing all transactions entered for the month in the personal account and showing the resulting debit or credit balance. Petitioner owned a beef cattle farm in Connecticut and a number of pieces of business real estate in Massachusetts. Transactions involving either the farm or the real estate are carried through the personal account with the corporation. Electric light and water bills for petitioner's *331 home, as well as for his business property, are paid by the corporation for the petitioner and entered as debits to the personal account. All salary payments of petitioner as president and treasurer were entered in the account. For 1939 petitioner drew no salary as an officer of the corporation. For the services thus rendered by the corporation to the petitioner in taking care of his personal and private business transactions and keeping records thereof the corporation charges petitioner $200 a month, which amount is entered as a debit each month to the personal account. When the personal account shows a debit balance for the year the corporation makes a charge for interest which is debited to the account and when the account shows a credit balance for the year, the corporation allows interest which is credited to the account. At the close of certain years when the account showed a net debit against petitioner he gave his check to the corporation in payment of the same to bring the account into balance. At the beginning of 1939 there was a debit balance of $44,814.84 in the personal account. The total debits to the account during 1939 were $68,902.11. The total credits to the account *332 during 1939 were $49,734.81. At the end of the year 1939 the account had a debit balance of $63,982.14. The excess of the debits over the credits during 1939 amounted to $19,167.30, which amount the Commissioner, in the notice of deficiency, included in petitioner's income for 1939. On January 15, 1940, the petitioner paid the corporation by personal check the sum of $25,000, which was credited to his account as of that date. Petitioners filed their income tax returns on a cash basis. [Opinion] The question here presented is whether the difference at the end of the taxable year 1939 between the debits and credits made to the personal account during that year on the books of the corporation constituted income to petitioner or, stated otherwise, did the Phillips personal account represent a debtor-creditor relationship, the balance being repayable to the corporation as a loan or did the balance represent, as determined by the respondent, a dividend or distribution constructively payable and constructively received by the petitioner. In determining the character of the account in 1939 its prior history and the treatment of the same by the parties is important. We find that *333 the account has existed from the very beginning of the corporation. Monthly statements of the account have been rendered to the petitioner. In certain years when the account showed an excess of debits against petitioner the account has been put in balance at the end of the year by cash payments by the petitioner. At all times interest on the balances have been charged and credited to the appropriate parties. The interest items were duly reported as income by the parties credited. On January 15, 1940, immediately after the close of the taxable year, when the books showed petitioner indebted to the corporation, a payment of $25,000 was made to the corporation by personal check of the petitioner. This payment was made at a time when no considerations of tax savings or self-service could be attributed to petitioner. The account varied widely from time to time, showing approximately $60,000 due the corporation on January 1, 1940, while on July 31, 1940, there was a balance due petitioner of approximately $5,000. Petitioner was solvent and fully able to pay any sums owed the corporation at all times. The fact to which respondent calls attention that no notes were given to cover the amounts *334 due is not conclusive. In an account of this character, with numerous transactions from day to day, to convert the items into notes would have been impractical and, in view of the stock ownership of the corporation and the financial standing of the petitioner, unnecessary for the protection of the corporation. The situation in this case is quite parallel to that existing in Rollin C. Reynolds, 44 B.T.A. 342, where, on comparable facts, we held that a creditor-debtor relationship was established and that the advances were loans and not dividends. We make the same holding here. The difference between the credits and debits for 1939 was not income to the petitioner. Decision will be entered under Rule 50.